UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
YOLANDA CARPENTER,                                                    Civil Action No.

                        Plaintiff,

     -against-                                                                **COMPLAINT**

DOHERTY ENTERPRISES, LLC, DOHERTY
ENTERPRISES INC., APPLEBEE'S
RESTAURANTS LLC, APPLEBEE'S RESTAURANTS
NORTH LLC,
EVANS DEJEAN, individually, and                                       Plaintiff Demands a Trial
EDWIN QUINTANILLA, individually,                                      By Jury

                       Defendants.
------------------------------------------------------------------------X

      **PLEASE TAKE NOTICE**, that **YOLANDA CARPENTER** (hereinafter referred to as Plaintiff or "CARPENTER"), by her attorneys, **DEREK SMITH LAW GROUP, PLLC,** as and for her Complaint in this action against the Defendants, DOHERTY ENTERPRISES, LLC, DOHERTY ENTERPRISES INC., APPLEBEE'S RESTAURANTS LLC, APPLEBEE'S RESTAURANTS NORTH LLC, EVANS DEJEAN (hereinafter referred to as "DEJEAN"), individually, and EDWIN QUINTANILLA (hereinafter referred to as "QUINTANILLA"), individually, (hereinafter collectively referred to as "Defendants"), respectfully alleges as follows:

## NATURE OF THE CLAIMS

1. Plaintiff brings this action, charging that the Defendants violated Plaintiff's rights pursuant to, *inter alia*, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII"), and to remedy violations of New York State Human Rights Law; New

York Executive Law, § 290, *et seq.* ("the Executive Law"); and any and all other causes of action which are alleged and/or can be inferred from the facts set forth herein based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff has suffered as a result of, *inter alia*, sex/gender discrimination and sexual harassment, together with hostile work environment, retaliation and unlawful termination by Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII.

3. 28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. Plaintiff filed a complaint with The Equal Employment Opportunity Commission in or around July of 2017.

5. Plaintiff received a Notice of Right to Sue letter on November 28, 2017.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter

7. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Eastern District of New York.

## **PARTIES**

8. At all times relevant to this Complaint, Plaintiff CARPENTER was, and still is, an individual woman residing in the State of New York, in Nassau County, and was employed by Defendants as a Server at their restaurant location at 1710 Hempstead Turnpike, Elmont, NY 11003 (hereinafter referred to as the "Elmont Location").

9. At all times material, Defendant DOHERTY ENTERPRISES, LLC (hereinafter referred to as "DOHERTY LLC"), is a domestic limited liability company duly existing by the virtues and laws of the State of New York that does business in the state of New York.

10. At all times material, Defendant DOHERTY ENTERPRISES INC. (hereinafter referred to as "DOHERTY INC.") is a domestic profit corporation duly existing by the virtues and laws of the State of New Jersey and authorized to do business in the state of New York.

11. At all times material, Defendant APPLEBEE'S RESTAURANTS LLC (hereinafter referred to as "APPLEBEE'S LLC") is a foreign limited liability company duly existing by the virtues and laws of the State of Delaware that does business in the State of New York.

12. At all times material, Defendant APPLEBEE'S RESTAURANTS NORTH LLC (hereinafter referred to as "NORTH") is a foreign limited liability company duly existing by the virtues and laws of the State of Delaware that does business in the State of New York.

13. At all times material, Defendant DEJEAN was employed by Defendants DOHERTY ENTERPRISES, LLC, DOHERTY ENTERPRISES INC., APPLEBEE'S RESTAURANTS LLC, APPLEBEE'S RESTAURANTS NORTH LLC (hereinafter collectively referred to as "APPLEBEE'S") as a Cook.

14. At all times material, APPLEBEE'S own and operate American restaurants.

15. At all times material, APPLEBEE's jointly employed Plaintiff.

16. At all times material, Defendant QUINTANILLA was employed by APPLEBEE'S as a Cook.

17. Upon information and belief, at all times relevant to this Complaint, APPLEBEE'S meet the definition of an "employer" under all applicable state and local statutes.

## FACTUAL ALLEGATIONS

18. At all times material, PAMELA WOCAVITS (hereinafter referred to as "WOCAVITS") was employed by APPLEBEE'S as a Human Resources Manager.

19. At all times material, SARA DJAMIN (hereinafter referred to as "DJAMIN") was employed by APPLEBEE'S as a Human Resources Director.

20. At all times material, ALFREDO (last name unknown) (hereinafter referred to as "ALFREDO") was employed by APPLEBEE'S as a Manager. ALFREDO held a supervisory position at APPLEBEE'S, controlling many tangible aspect of Plaintiff's job duties, including holding the power to hire and fire Plaintiff.

21. At all times material, PATRICIA (last name unknown) (hereinafter referred to as "PATRICIA") was employed by APPLEBEE'S as a General Manager. PATRICIA held a supervisory position at APPLEBEE'S, controlling many tangible aspect of Plaintiff's job duties, including holding the power to hire and fire Plaintiff.

22. At all times material, MATT (last name unknown) (hereinafter referred to as "MATT") was employed by APPLEBEE'S as an Area Manager. MATT held a supervisory position at APPLEBEE'S, controlling many tangible aspect of Plaintiff's job duties, including holding the power to hire and fire Plaintiff.

23. On or about August 31, 2016, APPLEBEE'S hired Plaintiff as a Server at their Elmont Location.

24. On or about September 6, 2016, Defendant DEJEAN began to make inappropriate sexual advances towards Plaintiff. By way of example only, Defendant DEJEAN crept up behind Plaintiff, grabbed her, hugged her, and kissed Plaintiff on the face.

25. Plaintiff CARPENTER immediately objected, telling Defendant DEJEAN that she was not interested, but Defendant DEJEAN ignored her resistance and told her how he liked her and wanted to be with her.

26. On or about September 16, 2016, while Plaintiff was diligently performing her duties, Defendant DEJEAN again snuck up behind her, this time whispering in her ear and kissing her, thereby sexually harassing Plaintiff and discriminating against her on the basis of her gender. Plaintiff physically pushed Defendant DEJEAN away, attempting to defend herself.

27. Defendant DEJEAN hid by the women's restroom, attempting to catch a glimpse of Plaintiff partly undressed as she entered or exited the restroom in a vulgar act of voyeurism.

28. Defendant DEJEAN constantly sexually harassed Plaintiff and discriminated against her on the basis of her gender by calling Plaintiff "sexy" and referring to her as "baby" and "mama." Defendant DEJEAN ceaselessly demanded Plaintiff return his calls, telling her that he wanted to be with her.

29. In or around September of 2016, Defendant DEJEAN followed Plaintiff CARPENTER into the kitchen. Again, Plaintiff told him to stop touching her, making sexually suggestive comments, and calling her sexually suggestive nicknames. Defendant DEJEAN continued his sexually harassing behavior despite Plaintiff's objections.

30. Not only was Plaintiff sexually harassed by Defendant DEJEAN, but in or around September of 2016, Defendant QUINTANILLA sexually harassed Plaintiff by suggesting that Plaintiff

"go back to his house and do something," indicating sexual intercourse. Defendant QUINTANILLA told Plaintiff he would "make her feel good."

31. In or around September of 2016, Defendant QUINTANILLA sexually harassed Plaintiff by creeping up behind her and smelling her, sniffing at her neck. Defendant QUINTANILLA then told Plaintiff that she smelled good.

32. Plaintiff continued to object to these sexual advances, but Defendants DEJEAN and QUINTANILLA ignored her protests.

33. In or around September of 2016, Plaintiff reported Defendant DEJEAN's and Defendant QUINTANILLA's sexual harassment and gender discrimination to her supervisor, Defendants' Manager, ALFREDO. Despite this complaint of sexual harassment and gender discrimination, no preventative or corrective measures were taken.

34. On or about October 13, 2016, Plaintiff entered a large walk in freezer to retrieve food supplies. Defendants DEJEAN and QUINTANILLA followed Plaintiff into the freezer. Defendants DEJEAN and QUINTANILLA turned the lights off and closed the freezer door, imprisoning Plaintiff. Defendants DEJEAN and QUINTANILLA made sexually suggestive statements about Plaintiff as she was vulnerably trapped with them inside the freezer, terrifying Plaintiff.

35. Immediately after escaping from the locked freezer, Plaintiff reported this traumatic incident to her supervisor, ALFREDO, but no preventative or corrective measures were taken.

36. Defendants subjected Plaintiff to a hostile work environment on the grounds that they sexually harassed her.

37. On or about October 13, 2016, Plaintiff was dropping off dishes for cleaning. Defendant QUINTANILLA crept up towards Plaintiff on the floor like a dog, recording a video of her genitals and buttocks in a blatant act of sexual harassment. Defendant QUINTANILLA then

showed the video to coworkers, encouraging them to participate in this behavior and laughing.

38. On or about November 4, 2016, Defendants DEJEAN and QUINTANILLA told Plaintiff that they loved her and demanded that she respond in kind. Defendants DEJEAN and QUINTANILLA continued to sexually harass Plaintiff, saying "I want to perform oral sex on you," while licking their lips and asking Plaintiff if she wanted to "sucky sucky," referring to Plaintiff performing oral sex on them. Plaintiff was shocked and disgusted by these sexually harassing comments. Plaintiff needed Defendants DEJEAN and QUINTANILLA to hand her food to take to a customer, but they refused when Plaintiff did not acquiesce to their sexual demands.

39. Defendants subjected Plaintiff to a hostile work environment on the grounds that they sexually harassed her.

40. On or about December 12, 2016, Defendants DEJEAN and QUINTANILLA surrounded Plaintiff from both sides and began to vigorously rub their genitals against her from both the front and behind while making sexual grunts and moans. Plaintiff was humiliated and terrified. Defendant QUINTANILLA tauntingly asked Plaintiff as he forcibly grinded his genitals against her, "who do you love, me or him?"

41. Plaintiff attempted to pushed Defendants DEJEAN and QUINTANILLA away with all her might and ordered them to stop touching her, but Defendants DEJEAN and QUINTANILLA overpowered her and continued rubbing their genitals against her, saying "we're together." Plaintiff finally managed to muster the force to break free and escape the sexual assault. As Plaintiff walked away, she heard the entire kitchen staff laughing at her. Plaintiff felt humiliated and degraded.

42. Defendants subjected Plaintiff to a hostile work environment on the grounds that they sexually harassed her.

43. On or about December 12, 2016, Defendant QUINTANILLA sexually harassed and assaulted Claimant by groping her body and whispering, "I would like to go down on you" in Plaintiff's ear. Plaintiff pushed Defendant QUINTANILLA away, and Defendant QUINTANILLA menacingly replied, "what are you, scared of me?" Plaintiff immediately complained to Defendants' Manager ALFREDO, but ALFREDO berated Plaintiff for complaining and called her "crazy" instead of addressing the sexual harassment.

44. On or about December 12, 2016, Plaintiff reported the above incidents of Defendants' sexual harassment and gender discrimination to human resources manager WOCAVITS. WOCAVITS retaliated against Plaintiff by removing her from the schedule and deceptively told her they would investigate her claims.

45. Shortly thereafter, WOCAVITS informed Plaintiff that Defendants did not find enough evidence of Defendant QUINTANILLA's and Defendant DEJEAN's gender discrimination and sexual harassment, and they decided to take no preventative or corrective measures.

46. Plaintiff also complained of Defendants' incessant and degrading sexual harassment to Defendants' General Manager PATRICIA. Soon afterwards, Plaintiff found that PATRICIA had put her on the same shift as her harassers, Defendants DEJEAN and QUINTANILLA.

47. On or about February 15, 2017, Defendants moved Plaintiff from the Elmont Location to the Valley Stream location in retaliation for her complaints of sexual harassment. Plaintiff strenuously objected to this relocation to her Human Resources Director, DJAMIN, but DJAMIN insisted on the transfer.

48. After being transferred, Plaintiff complained about this retaliatory transfer to her Area Manager, MATT, but she was not allowed to transfer back to the Elmont Location despite MATT's assurances to the contrary.

49. On or about February 23, 2017, Defendants terminated Plaintiff on the basis of her gender and in retaliation for Plaintiff's numerous complaints of discrimination and harassment.

50. The above are just some examples of the unlawful discrimination and retaliation to which Defendants subjected Plaintiff.

51. As a result of Defendants' unlawful and discriminatory actions, Plaintiff CARPENTER is constantly fearful of her well-being.

52. As a result of Defendants' unlawful and discriminatory actions, Plaintiff CARPENTER has endured unlawful humiliation resulting in extreme emotional distress, severe depression, extreme anxiety, and physical ailments.

53. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

54. As a result of Defendants' unlawful and discriminatory actions, Plaintiff CARPENTER has endured financial hardships and irreparable damage to her professional reputation.

55. As a result of the acts and conduct complained of herein, Plaintiff CARPENTER has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

56. As Defendants' actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff CARPENTER demands punitive damages against Defendants, jointly and severally.

57. Defendants discriminated against and terminated Plaintiff because of her gender and because she complained or opposed the unlawful conduct of Defendants related to the above protected classes.

58. Plaintiff seeks reinstatement.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (AGAINST APPLEBEE'S)

59. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

60. Title VII states in relevant part as follows:

    (a) Employer practices: It shall be an unlawful employment practice for an employer:

    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

61. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named APPLEBEE'S' violations of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex/gender.

62. APPLEBEE'S engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

63. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
## (AGAINST APPLEBEE'S)

64. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

65. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

66. APPLEBEE'S engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

67. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

68. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

69. New York State Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, [Effective January 19, 2016: familial status,] marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment

such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

70. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex, as well as creating a hostile work environment and subjecting Plaintiff to a wrongful termination.

71. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296 including sex.

72. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FOURTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE LAW
### (AGAINST ALL DEFENDANTS)

73. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

74. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

75. Defendants engaged in an unlawful discriminatory practice by retaliating, terminating, and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

76. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

77. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

78. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

79. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

80. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the unlawful, discriminatory, and retaliatory conduct as stated herein.

81. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

82. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Date: New York, New York

February 26, 2018

Respectfully Submitted,

**DEREK SMITH LAW GROUP, PLLC.**

Attorneys for Plaintiff

BY: ___/s/ Ishan Dave_____
Ishan Dave, Esq.
1 Pennsylvania Plaza, 49th Floor
New York, New York 10119
(212) 587-0760